## U.S. BANKRUPTCY COURT
### District of South Carolina

Case Number: **11-07910-jw**

**ORDER SANCTIONING SANTANDER CONSUMER USA DBA CITIFINANCIAL AUTO, LTD.**

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**10/18/2017**



Entered: 10/18/2017

*/s/ John E. Waites*
US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 11-07910-JW |
| | Chapter 13 |
| Raymond Lewis Gillespie and Angie West Gillespie, | **ORDER SANCTIONING SANTANDER CONSUMER USA DBA** |
| Debtor(s). | **CITIFINANCIAL AUTO, LTD.** |

This matter comes before the Court upon the Order and Rule to Show Cause ("Rule to Show Cause") issued to Santander Consumer USA dba Citifinancial Auto, Ltd. ("Santander") on September 7, 2017 to explain its failure to comply with the Court's previous order and to show cause why it should not have sanctions imposed against it or held in civil contempt. On September 28, 2017, the Court held a hearing on the Rule to Show Cause that was attended by counsel for Raymond Lewis Gillespie and Angie West Gillespie ("Debtors"), counsel for Santander, and Annette Amilito, the Associate Vice President of Bankruptcy for Santander. The Court has jurisdiction of this matter under 28 U.S.C. §§ 157 and 1334. Based upon the record and arguments of counsel, the Court hereby makes the following findings of fact and conclusions of law.[1]

**FINDINGS OF FACT**

1.  On February 22, 2010, Debtors executed a retail installment contract ("Loan") with Santander to purchase a 2006 Nissan Frontier ("Vehicle"). Thereafter, on March 11, 2010, the Department of Revenue for the State of Alabama issued a certificate of title ("Title") reflecting Debtors as the owners of the vehicle and Santander as the first lienholder.

2.  On December 22, 2011, Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code.

---

[1] To the extent that the following findings of fact constitute conclusions of law, they are adopted as such, and vice versa.

3. On January 9, 2012, Santander filed a proof of claim indicating a total secured claim in the amount of $11,850.77 as to Debtors' Loan.

4. After no objections, the Court entered an Order Confirming Chapter 13 Plan on February 2, 2012. Debtors' confirmed chapter 13 plan provided that Santander's secured claim would be valued pursuant to 11 U.S.C. § 506 in the amount of $10,325.00 and that: "[t]he trustee shall pay Santander Consumer the sum of $203.00 or more per month, along with 5.25% interest until the secured claim of $10,325.00 established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim."

5. The confirmed chapter 13 plan also provides that "[s]ecured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court."

6. On September 1, 2016, the Chapter 13 Trustee filed a Report of Trustee Completion of Plan Payments, which indicated that Debtors have completed all payments pursuant to the confirmed plan, including those payments to Santander.

7. On December 16, 2016, the Court entered an Order Discharging Trustee and Order to Close Case.

8. On June 19, 2017, Debtors filed a Motion for Contempt ("First Motion for Contempt"), which alleged that, after several efforts by Debtors and Debtors' counsel to obtain the Title to the Vehicle, Santander has failed to satisfy its lien or provide the Title to Debtors in violation of the terms of the confirmed chapter 13 plan. The First Motion for Contempt was properly served on Santander.

9. No response was filed to the First Motion for Contempt, and the Court held a hearing on the matter, which was attended only by Debtors' counsel and the Chapter 13 Trustee.

2

10. On August 2, 2017, the Court found Santander violated the confirmed chapter 13 plan and entered an Order granting the Motion for Contempt ("Contempt Order"). As part of the Contempt Order, the Court required Santander to satisfy its lien and pay the attorney's fees for Debtors' counsel related to the First Motion for Contempt in the amount of $2,100 within ten (10) days of the entry of the Contempt Order. In addition, Santander was to notify the Court by correspondence upon complying with the Contempt Order. The Contempt Order was properly served on Santander.

11. The Court did not receive a correspondence indicating Santander's compliance with the Contempt Order.

12. On August 31, 2017, Debtors filed a second Motion for Contempt ("Second Motion for Contempt"), which alleged that Santander had not complied with the terms of the Contempt Order and requested the Court issue a rule to show cause and award attorney's fees to Debtors' counsel in connection with the Second Motion for Contempt

13. On September 7, 2017, the Court issued the Rule to Show Cause to Santander.

14. On September 24, 2017, Santander filed a reply to the Second Motion for Contempt ("Reply"), which alleged that upon the filing of the First Motion for Contempt, Santander made immediate contact with Debtors' counsel and that Debtors' counsel agreed that upon delivery of the Title, the matter would be resolved. The Reply also alleged that Santander sent the Title to the last address of record it had for Debtors, which was an Alabama address. Based on these alleged contacts with Debtors' counsel and the mailing of Title to the Alabama address, Santander alleged that it mistakenly believed that the matter had been resolved when it received the Contempt Order.

15. At the hearing on the Rule to Show Cause, Santander recanted both its Reply and its statements that it had immediately contacted Debtors' counsel and that the parties had

3

previously reached a resolution that the matter would be settled upon delivery of the Title. Santander's counsel proffered, and Santander's representative confirmed, that it appears that an employee of Santander had stated inaccuracies on at least three occasions to management of Santander and its counsel, including fabricating the alleged communications with Debtors' counsel.[2] In addition, Santander admitted that both its employee and its manager overseeing Debtors' Loan received the Contempt Order but took no action to comply with the Contempt Order. Santander apologized to the Court for its actions and indicated that, as a result of the issues in this bankruptcy case, Santander has made procedural changes, scheduled additional training for its employees, and disciplined both the employee and manager who were involved with the Loan.

16.     In addition, Santander's counsel indicated at the hearing that Santander had since paid the $2,100 in attorney's fees to Debtors' counsel from the Contempt Order and provided Debtors with a release of lien. Santander also agreed to pay the reasonable expenses related to the Second Motion for Contempt to Debtors' counsel in the agreed upon amount of $1,200.

## CONCLUSIONS OF LAW

As part of the Rule to Show Cause, the Court must determine if Santander should be subject to sanctions or civil contempt for its actions in this matter. The Court has the inherent authority to regulate litigants before it. See In re Weiss, 111 F.3d 1159, 1171 (4th Cir. 1997) ("A federal court also possess the inherent power to regulate litigants' behavior and to sanction a litigant for bad-faith conduct."); In re Henderson, C/A No. 05-14925-JW, slip op. at 9 (Bankr. D.S.C. Oct. 4, 2006) ("[B]ankruptcy courts have the inherent authority to sanction and discipline parties that appear before it.").

---

[2] Counsel for Santander indicated that Santander suspects, but has not confirmed, that this employee went as far as to call the office of Debtors' counsel the week prior to the hearing on the Rule to Show Cause in effort to corroborate this fabricated communication by obtaining details about the office of Debtors' counsel, including the name of his paralegal.

In addition, the Court has authority to sanction litigants under 11 U.S.C. § 105.[3] Section 105 provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]. No provision of [the Bankruptcy Code] providing for the raising of an issue by a party of interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders, or rules, or to prevent an abuse of process.

This Court and other courts have recognized that the authority provided to bankruptcy courts under § 105 to issue the necessary or appropriate orders to carry out the Bankruptcy Code includes the power to sanction litigants and their counsel. See In re Volpert, 110 F.3d 494, 500 (7th Cir. 1997); In re A.H. Robins Co., Inc., 133 F.3d 913 (4th Cir. 1998) (unpublished op.); In re Ulmer, 363 B.R. 777, 781 (Bankr. D.S.C. 2000).

In the present matter, Santander agrees that its conduct has been "egregious" and admits that it is "throwing [itself] on the mercy of the Court." Santander's counsel has described this matter as a situation where "people made really bad mistakes." This Court has recently considered the interplay of mistakes and whether to issue sanctions in In re Thomas-Wright, C/A No. 16-03950-JW, slip op. (Bankr. D.S.C. Sept. 27, 2017). In Thomas-Wright, the Court noted that "[e]very error, omission, mistake, or even misjudgment should not serve as a basis for sanctions" but that sanctions are more likely for "instances of intentional misconduct, blatant disregard for clear orders and rules, repeated and substantial errors which cause prejudice . . . ." Id. at 5.

In this instance, Santander's conduct goes beyond a mere mistake or misjudgment and indicates a systematic failure of its internal procedures and controls as well as a blatant disregard of the Court's directives and orders. Despite the clear language of the confirmed chapter 13 plan, Santander failed to timely satisfy its lien, and then caused further delay and expense by ignoring

---

[3] Further references to the Bankruptcy Code (11 U.S.C. § 101, *et al.*) shall be by section number only.

5

the attempts of Debtors, their counsel, and the Court to get Santander to provide the satisfaction. See In re Crawford, 532 B.R. 645 (Bankr. D.S.C. 2015) (sanctioning a creditor after failing to timely satisfy a lien on a secured claim which was paid during the plan). In addition, Santander admits that, despite internal guidelines and procedures to the contrary, both its employee and its manager received the Contempt Order, which included clear language requiring Santander to pay attorney's fees and satisfy the lien, but decided to take no action in response to the Contempt Order. Further, it appears that Santander's bankruptcy specialist for this loan, who is also an agent of Santander, fabricated an alleged agreement between Santander and Debtors' counsel, which was relied upon by Santander and its counsel and included as an allegation in Santander's Reply to the Second Motion for Contempt. This fabrication does not appear to be an isolated incident as Santander indicated it believes this employee has made inaccuracies on at least two other occasions. The Court is concerned about these inaccuracies and fabrications as well as the possible prejudicial effect they could have on both these Debtors and other debtors that appear before this Court.

Santander has blatantly disregarded a clear order of the Court and made substantial errors which have caused delay and prejudice to Debtors. Therefore, while the Court appreciates how forthcoming Santander and its counsel were at the hearing in this matter and the efforts they have taken to proactively remedy the situation with Debtors, a further sanction is needed to deter this type of conduct in the future. Pursuant to the Court's inherent authority to regulate the litigants that appear before it, as well as its authority under § 105(a), **the Court hereby orders Santander to provide a release of lien to Debtors and to pay both the previously awarded attorney's fees in the amount of $2,100.00 as well as the the agreed upon attorney's fees in the amount of $1,200.00 to Debtors' counsel within fourteen (14) days of the entry of this Order** (if not

previously provided to Debtors and Debtors' counsel). In addition, the Court hereby **sanctions Santander in the amount of $2,500.00,[4] which shall be payable to South Carolina Legal Services,[5] no later than fourteen (14) days after the entry of this Order**.[6] The Court finds this sanction to be reasonable and necessary to carry out the provisions of the Bankruptcy Code. Further, the Court finds the amount of this sanction to be the minimum amount necessary to deter such conduct in the future. Further, **Santander shall file a report with the Court within fourteen (14) days of the entry of this Order** representing that it has made sufficient changes in personnel or procedures to avoid similar circumstances from arising in the future.  **Santander shall file a certification of compliance, including a proof of remittance as to the payments required under this Order, within fourteen (14) days of the entry of this Order.**

**AND IT IS SO ORDERED.**

Columbia, South Carolina
October 18, 2017

---

[4] The amount of sanctions issued by the Court would likely have been greater had Santander not been as forthright in its presentation at the hearing and its indication of the internal corrections to its guidelines and procedures as a result of this matter.

[5] South Carolina Legal Services is a statewide law firm that regularly appears before this Court and provides civil legal services to protect the rights and represent the interest of low income South Carolinians. The Organization regularly agrees to represent low income *pro se* debtors who have filed a consumer bankruptcy case in this District.

[6] Payment of the sanction should be made to the following address:
Attn: Andrea Loney
South Carolina Legal Services
P.O. Box 1445
Columbia, SC 29201